Filed 7/29/16  Findleton v. Coyote Valley Band of Pomo Indians CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERT FINDLETON, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> COYOTE VALLEY BAND OF POMO INDIANS, <br><br> Defendant and Respondent. | A144072 <br><br> (Mendocino County <br> Super. Ct. No. SCUKCVG-1259929) |

This appeal, from a trial court award of prevailing party attorney fees to the Coyote Valley Band of Pomo Indians (the Tribe), relates to a case in which we have, in a separate appeal, reversed the trial court's decision in favor of the Tribe.  The underlying dispute concerns agreements entered into between the Tribe and appellant Robert Findleton and his dbas, Terre Construction and On-Site Equipment (Findleton).  Findleton filed a petition to enforce arbitration clauses in the agreements, and the Tribe moved to quash service of summons and dismiss for lack of jurisdiction, raising two defenses:  first, it had not waived its sovereign immunity, and second, Findleton had failed to comply with the Tribe's claims ordinance.  The trial court ruled in favor of the Tribe on the first issue, granted the Tribe's motion to quash service of summons and dismissed Findleton's petition for lack of jurisdiction without ruling on the second defense.  Findleton appealed from that ruling, and we reversed, concluding that the Tribe

1

had waived its sovereign immunity for purposes of arbitration and judicial enforcement of the arbitration clauses and any arbitration award.

After granting the Tribe's motion, and before we had decided the appeal from that ruling, the trial court entertained the Tribe's motion for attorney fees and costs under Chapter 3.06.020 of the Tribal Code. That section provides that "[i]n any litigation in which the Tribe is a prevailing party, the Tribe shall be entitled to recover from all adverse parties all of its costs and reasonable attorney fees incurred in prosecuting or defending the action." The Tribe also sought fees pursuant to Civil Code section 1717, which made reciprocal an attorney fee clause in one of the contracts between Findleton and the Tribe that permitted Findleton to recover reasonable fees and costs if it prevailed in litigation or arbitration against the Tribe.s The Tribe sought costs of $1,564.43 and attorney fees of $97,749 for its work defending the Tribe in Findleton's action. The trial court granted the motion, awarding the Tribe fees of $66,733.50. Findleton timely appealed.

In view of our reversal of the trial court's ruling granting the Tribe's motion to quash for lack of jurisdiction, the Tribe is not a prevailing party as required by Tribal Code section 3.06.020 and Civil Code section 1717, and any award of attorney fees is premature. The order awarding attorney fees is reversed. Findleton is awarded his costs on appeal.

 

 

_____

STEWART, J.

 

We concur.

 

_____

KLINE, P.J.

 

_____

RICHMAN, J.